## (February 26, 1952.)

■

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE BRUSSEL, JR., Respondent, against HELENE B. BRUSSEL, Appellant.

*Per Curiam.* Upon the present record we are of the opinion that the order as to custody should be affirmed.

It has been called to our attention, however, that since the Referee heard this case, new developments have taken place, particularly the remarriages of the parents, which might constitute such change of circumstances as to warrant a further hearing. If either party be so advised, such party is free to apply for such relief. If and when any rehearing is had, the court should consider whether the age and maturity of the children warrant taking proof of their wishes as to custody, and the court could give such weight thereto as it deems for their best interests. The order should be affirmed.

SHIENTAG, J. (dissenting). Since the custody order here appealed from was made a number of significant developments have taken place. The wife against whom the Nevada divorce was obtained for alleged cruel and inhuman treatment has married the man charged with responsibility for the breakup of the marriage and new arrangements, not altogether suitable perhaps, have been made for caring for the latter's two adopted children; the husband, who obtained the divorce, has remarried, his present wife being the principal of a private high school in this city with grown-up children of her own.

In dealing with the custody of the two Brussel's children — girls aged about thirteen and eleven years, respectively — the primary concern of the court must be for their welfare. The problem should be approached as one involving highly sensitive human relationships, rather than along formal legalistic lines.

While the conduct of their mother has little, if anything, to commend it, I cannot say, on the record before us, that she is morally unfit to have at least partial custody of her two daughters. Without, however, exploring the new developments referred to and without competent expert advice which will take into consideration all of the complex factors here involved, I am not in a position to determine what custody arrangements will best serve the well-being and the happiness of these two young girls and be fair and just to the various parties. The proceedings should accordingly be remitted to the Special Term, to take such additional testimony, factual and expert as he may be advised, and, in the light thereof, to make such modifications, if any, in the provisions relating to custody as he may deem necessary and appropriate. In the meantime the present provisions for custody should remain undisturbed.

Peck, P. J., Glennon, Callahan and Van Voorhis, JJ., concur in *Per Curiam* opinion; Shientag, J., dissents, in opinion.

Order affirmed.