## (March 23, 1955.)

■

RUTH HOUSMAN, Respondent, *v.* MYRON HOUSMAN, Appellant.

*Per Curiam.* We have here for consideration a case involving the temporary custody of a child now nearly nine years of age, by the father during two of the summer months. The mother obtained a decree of annulment against the father in 1947 by the terms of which the plaintiff was given full custody and control of the daughter, with not even the right of visitation to the father. Prior to the annulment decree, the parents had entered into an agreement which, among other things, stated their contract in relation to the child. That agreement provided that the father should have visitation rights of one day each month at the home of the mother and after the child became of the age of seven years, he was to have the child with him for not more than two months during summer vacations. The parties further agreed that in the event of a dissolution of the marriage, the court should be made acquainted with the terms of the agreement and that the same should be made a part of the decree. The plaintiff failed to carry out the agreement and the court was not advised of the same when the decree was made. Thereafter and in 1951, upon the application of the father and over the objection of the mother, the court modified the decree of 1947 by incorporating therein the provisions for visitation and temporary custody during two months by the father. Shortly before the child's seventh birthday in 1953, the plaintiff made application to again modify the decree by deleting the summer custody provision therefrom. The decree was

again modified by ordering such deletion, and from the order of modification the defendant appeals. We conclude that the application of the mother to so modify the decree should have been denied.

The learned Referee has found that there was no abandonment of the child by the father and there was no claim that the father is an unfit or improper person to have the child during said two months. The defendant remarried shortly after the annulment became final and that was known to the plaintiff in 1951, when the decree was modified in accordance with the agreement. Since that time, there appears to be no change in circumstances or conditions which would be the basis for further modification and denial of the right of the father to have his daughter with him in his home for two months each summer.

The father lives and has his employment in New York City. The mother resides in Rochester, New York. Both parents of this child are of the same religious faith. The father's present wife is of another faith. It was the contention of the plaintiff that it would not be for the welfare of the child to permit her to remain for two months in the home of her father whose wife is of a different faith. With this we cannot agree. In fact, the Referee in commenting upon the subject, stated that he was " not convinced the difference is so marked that Susan's mind would be unsettled and confused by a sojourn with her father." The Referee also seemed to think " that the plaintiff by her conduct has indicated a desire to practically cut off this child from any real knowledge of her father, but she has not convinced the Referee of any reason for so drastically overriding his parental rights." We agree with both conclusions of the Referee and believe they point to a denial of the mother's application. This little girl has the right to know who her father is and to have his affection, care and guidance during the next few years while she is growing up. Her mental and spiritual well-being when she is a few years older would certainly not be promoted if she is to be brought up under the impression that she is practically without a father.

It is a sad commentary, in this day, when tolerance and co-operation between different faiths are fostered and advocated for the parent of one faith to seek to deprive her child of the companionship and affection of the other parent merely because the other parent's spouse is of a different faith. Such attitude should not be encouraged.

The order should be reversed and the motion denied.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Van Duser, JJ.

Order reversed, on the law and facts, with $10 costs and disbursements, and motion denied, with $10 costs. [See *post*, p. 1116.]