DIANE P. SHAKUN, an Infant, by ABRAHAM M. PERKUS, Her Guardian ad Litem, Appellant, v. RICHARD SHAKUN, Respondent.— In an action by an infant wife for separation on the grounds of cruelty and nonsupport, in which the defendant husband asserted a counterclaim for separation on the ground of abandonment, a judgment was entered in the Supreme Court, Kings County, on May 18, 1959, after trial, in favor of the defendant, dismissing the complaint, granting him a separation on his counterclaim, awarding custody of their child to plaintiff, with visitation rights to the defendant, and directing the defendant to pay plaintiff $35 per week for the child's support. By order dated June 24, 1959 such judgment was resettled so as to define specifically defendant's visitation rights. By order dated July 10, 1959 such judgment was amended by adding three provisions: (1) enjoining plaintiff from taking the child out of the City of New York; (2) directing plaintiff to make the child available to the defendant during the periods prescribed for his visitation; and (3) suspending defendant's obligation to make payments for the support of the child in the event that, and as long as, plaintiff should frustrate defendant's visitation rights by keeping the child out of said city. Plaintiff by her guardian ad litem now appeals from an order of the Supreme Court, Kings County, dated October 28, 1959, which, *inter alia*: (1) denied her motion for a counsel fee and expenses to prosecute her appeal from said resettled amended judgment and for an award of $35 a week for the child's support during the pendency of such appeal; (2) granted defendant's motion to award custody of the child to him, to hold plaintiff in contempt for violating the judgment with respect to defendant's visitation rights, and to stay plaintiff from all proceedings (excepting appeals) as long as she continues to violate said judgment and the order appealed from; and (3) further modified the resettled amended judgment by awarding custody of the child to defendant, by prescribing plaintiff's visitation rights and by enjoining plaintiff from taking the child out of said city. Order appealed from modified on the law and the facts: (a) by striking out all its provisions which transfer the custody of the child from plaintiff to defendant, which accord visitation rights to plaintiff, which modify the judgment in these respects, and which grant defendant's motion with respect to custody, such provisions being embraced within the 7th, 8th, 10th and 11th decretal paragraphs of said order; and (b) substituting therefor a provision denying defendant's motion with respect to custody of the child. As so modified, said order is affirmed, without costs. Findings of fact contained in the opinion of the Special Term which are inconsistent herewith are reversed, and new findings are made as indicated herein. Although it does not appear that a certified copy of said judgment was ever served upon plaintiff pursuant to section 505 of the Civil Practice Act, nevertheless it does appear that the motion which resulted in the order now appealed from, was based upon such judgment and the orders resettling and amending it. It also appears from the moving papers that, prior to the making of defendant's cross motion, plaintiff had actual knowledge of the judgment and the amendatory orders. Under such circumstances the plaintiff, having failed to comply with the resettled amended judgment, was guilty of contempt of court, and the Special Term had the jurisdiction and the discretion so to adjudicate (cf. *Underhill* v. *Schenck*, 205 App. Div. 182; *Matter of Belanoff* v. *Belanoff*, 277 App. Div. 1056). In our opinion, however, this record does not justify the changes in the custody and visitation provisions of the resettled amended judgment with respect to the infant child of the parties. In all cases involving the custody of infants, the welfare of the infant is the paramount

consideration. (Cf. *Matter of Bachman* v. *Mejias*, 1 N Y 2d 575, 581; *Matter of Lang* v. *Lang*, 9 A D 2d 401; *People ex rel. Fields* v. *Kaufmann*, 9 A D 2d 375, 377.) We are not concerned here with the private disputes between the parents (cf. *People ex rel. Pritchett* v. *Pritchett*, 1 A D 2d 1009). As punishment for her contempt, custody of the infant should not be taken from the mother and awarded to the father. Such transfer of custody should be made only upon a clear showing that it will best serve the interests of the infant. Here, custody was awarded to the plaintiff mother by the Trial Justice after hearing all the evidence. There is no proof in this record showing such a change of circumstances as will support a finding that a transfer of the child's custody is now necessary for the best interests of the child (cf. *People ex rel. Glendening* v. *Glendening*, 259 App. Div. 384; *Matter of Brock*, 245 App. Div. 5, 13; *People ex rel. Behar* v. *Behar*, 8 A D 2d 958). There is even a lack of proof that the defendant father possesses adequate financial stability to maintain the child if he is delivered into the father's custody. Of course, an application to modify the custodial provisions of the judgment may always be renewed, if defendant be so advised, on papers disclosing fully the facts which entitle him, instead of the plaintiff, to the child's custody. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.