ALICE L. MILLER *v.* ROBERT B. MILLER

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued April 3—decided May 6, 1969

*James F. Bingham,* for the appellant (defendant).

*Jack Stock,* with whom was *Edward R. Karazin, Jr.,* for the appellee (plaintiff).

THIM, J.   The defendant has appealed from a judgment of the Superior Court which reversed a decision of the Probate Court for the district of Middletown appointing him the sole guardian of his two adopted, minor children.   He claims that the Superior Court committed error by according full faith and credit to a New York custody decree and by excluding evidence of occurrences and events which happened prior to the rendition of the New York custody decree.   Furthermore, the defendant claims error in the court's refusal to allow the children to choose their own guardian, in refusing to admit all of the evidence which was considered by the Probate Court, and in concluding that the Probate Court abused its legal discretion by appointing him sole guardian.

The defendant has extensively attacked the finding.   Facts which he asks us to include in the finding cannot be added since they are neither admitted nor undisputed, and the defendant's effort to strike various facts found must fail since they have reasonable support in the evidence.   Practice Book § 628.   Thus, the finding is not subject to correction.

The plaintiff and the defendant were married in Florida in February, 1943.   They have no natural children of their marriage, but they do have two adopted, minor children.   In April, 1961, the parties executed a separation agreement which provided

that legal custody of the two children would be in the plaintiff with rights of visitation in the defendant. Upon petition of the defendant, a divorce decree was entered in the First Civil Court of Bravos District, State of Chihuahua, Republic of Mexico in May, 1961. The divorce decree approved the separation agreement which had been executed by the parties and awarded custody of the two adopted children to the plaintiff.

Shortly after the rendition of the Mexican divorce, the defendant remarried, and the two children continued to live with the plaintiff in New York City. In June, 1962, the Supreme Court of New York, in a habeas corpus proceeding, granted the defendant certain rights of visitation and, in April, 1963, and February, 1966, the Supreme Court of New York entered orders continuing custody of the children in the plaintiff.

In October, 1964, the defendant moved to Middletown, Connecticut. He wrote to the plaintiff in May, 1966, to arrange to have the children visit him in Connecticut. At that time, the plaintiff was in the hospital, and her brother, who was then caring for the two children, arranged to have them visit the defendant during the summer.

Shortly after she returned from the hospital, the plaintiff notified the defendant that he could keep the children until her health improved. On September 8, 1966, the plaintiff telegraphed the defendant and requested that he return the children to New York as soon as possible since the hospital had informed her that she was able to care for the children. The defendant refused to return the children, and, shortly thereafter, he commenced proceedings in the Probate Court of Middletown to remove the plaintiff as a joint guardian of the children and to have

himself appointed their sole guardian. After a hearing which lasted several days, the Probate Court appointed the defendant sole guardian of the children. The plaintiff appealed from the decision of the Probate Court to the Superior Court, which reversed the decision of the Probate Court.

## I

The defendant's principal claim on this appeal is that the Superior Court committed error by according full faith and credit to the New York decree which awarded custody of the children to the plaintiff. The defendant requested the Probate Court to appoint him sole guardian of the two children and to remove the plaintiff as their joint guardian. A guardian of the person is entitled to the custody of his ward; therefore, the proceedings in the Probate Court relating to guardianship necessarily involved the issue of custody. *Boardman* v. *Boardman,* 135 Conn. 124, 129, 62 A.2d 521; *LaBella* v. *LaBella,* 134 Conn. 312, 316, 317, 57 A.2d 627; *Macready* v. *Wilcox,* 33 Conn. 321, 328. Thus, the order of the Probate Court appointing the defendant sole guardian purported to transfer sole custody of the children to him in complete disregard of the plaintiff's right to custody which had been granted to her by the New York decree.

Although there is a conflict of authority on the question whether full faith and credit must be given to custody decrees rendered by other states; note, 4 A.L.R.3d 1277, 1289–1302 §§ 4–6; note, 4 A.L.R.2d 7, 41 § 24; it is settled in Connecticut that a custody decree rendered by a sister state is entitled to full faith and credit provided that the court which rendered the decree had jurisdiction. *Ogles* v. *Warren,* 148 Conn. 255, 257, 258, 170 A.2d 140; *Scott* v. *Fur-*

*row,* 141 Conn. 113, 120, 104 A.2d 224; *Boardman* v. *Boardman,* supra, 137, 138; *Freund* v. *Burns,* 131 Conn. 380, 383–385, 40 A.2d 754; see *Baram* v. *Schwartz,* 151 Conn. 315, 318, 197 A.2d 334. A foreign custody decree can be modified in Connecticut for the same reasons that the decree could be modified in the state wherein it was rendered. *Morrill* v. *Morrill,* 83 Conn. 479, 492, 77 A.1. Hence, before the Probate Court can modify a New York custody decree, it must determine whether the requested modification of the decree would be permissible under New York law. See *Nowell* v. *Nowell,* 157 Conn. 470, 477, 254 A.2d 889.

In New York, decisions involving custody of children of divorced parents may constitute res judicata. *Matter of Lee,* 220 N.Y. 532, 538, 116 N.E. 352; *People ex rel. Hahn* v. *Haines,* 1 App. Div. 2d 263, 267, 149 N.Y.S.2d 407, aff'd, 1 N.Y.2d 835, 135 N.E.2d 723; *People ex rel. Glendening* v. *Glendening,* 259 App. Div. 384, 387, 19 N.Y.S.2d 693; *Matter of Jackson* v. *Woodner,* 19 Misc. 2d 594, 597, 159 N.Y.S.2d 578. Although the New York court has continuing jurisdiction to modify a judgment of divorce with respect to the custody of children; *Joffe* v. *Spector,* 27 App. Div. 2d 406, 408, 279 N.Y.S.2d 905; *Seidenberg* v. *Seidenberg,* 19 App. Div. 2d 676, 241 N.Y.S.2d 6; N.Y. Domestic Relations Law § 240; a petition to modify a custody decree cannot be considered on the merits in the absence of an affirmative showing that there has been such a material change in circumstances since the last effective custody decree as would justify a change in the award of custody. *Matter of Metz* v. *Morley,* 29 App. Div. 2d 462, 464, 289 N.Y.S.2d 364; *People ex rel. Foussier* v. *Uzielli,* 23 App. Div. 2d 260, 263, 260 N.Y.S.2d 329, aff'd, 16 N.Y.2d 1057, 213 N.E.2d 460;

*People ex rel. Yaklin* v. *Yaklin,* 19 App. Div. 2d 405, 407, 243 N.Y.S.2d 775; *Shakun* v. *Shakun,* 11 App. Div. 2d 724, 725, 204 N.Y.S.2d 694; *People ex rel. Scanlon* v. *Ciaravalli,* 2 App. Div. 2d 702, 152 N.Y.S.2d 494; *People ex rel. Hahn* v. *Haines,* supra, 268; *Housman* v. *Housman,* 285 App. Div. 1012, 1013, 139 N.Y.S.2d 24; *People ex rel. Brussel* v. *Brussel,* 279 App. Div. 859, 110 N.Y.S.2d 335; *Kirby* v. *Kirby,* 246 App. Div. 532, 282 N.Y.S. 372; *Matter of Brock,* 245 App. Div. 5, 13, 280 N.Y.S. 753; *Matter of Jackson* v. *Woodner,* supra; *Ex parte Travis,* 126 N.Y.S.2d 130, 142. The rationale for this rule is that parties should not be able to relitigate de novo issues which were fully litigated in a prior adjudication when there has been no material change in facts or circumstances determining such issues. *People ex rel. Glendening* v. *Glendening,* supra.

There is no claim in this case that the New York court lacked jurisdiction to make its custody order. Therefore, the trial court was correct in holding that the Probate Court committed error by not recognizing the New York custody decree under the full faith and credit clause of the United States constitution. The Probate Court could have modified the New York custody decree only if there had been such a material change of circumstances since the decree as would warrant a redetermination of the custody order. The trial court concluded that the Probate Court erred in modifying the New York custody order because there had not been a material change of circumstances. This conclusion is amply supported by the record.

There is, accordingly, no merit to the defendant's claim that the trial court committed error by refusing to admit evidence of transactions and occurrences which had happened before the entry of the

last New York custody decree. As we have mentioned previously, the last New York custody decree is res judicata in the absence of the intervention of a material change in circumstances.

## II

The defendant claims that the trial court should have permitted the children to choose their own guardian pursuant to § 45-46 of the General Statutes. There is no merit to this claim. Section 45-46 permits a minor fourteen years of age or over who has no parent or guardian of his person to choose some person to be his guardian, and the Probate Court has the power to disapprove the choice. It is clear that § 45-46 does not apply in the instant case because the two minor children both have parents by adoption.

Nor could the two children have chosen their own guardian under § 45-54 of the General Statutes. This statute provides that a court may appoint a guardian ad litem for any minor child who has an interest in legal proceedings before it. *Potter* v. *Alcorn,* 140 Conn. 96, 99 A.2d 97. This statute does not imply that a minor may choose a guardian of his person whenever he has an interest in legal proceedings.

## III

The defendant claims that the Superior Court erred in concluding that the Probate Court abused its legal discretion by appointing him sole guardian of the children. The basis of this claim is that the Superior Court did not admit all of the evidence which had been considered by the Probate Court and which related to the plaintiff's alleged unfitness to continue to serve as a joint guardian. We do not agree with this claim.

An appeal to the Superior Court from a decision of the Probate Court presents for redetermination both the questions of law and the questions of fact which are embraced within the order or decree appealed from. *Stevens' Appeal,* 157 Conn. 576, 580, 255 A.2d 632; *Willard* v. *McKone,* 155 Conn. 413, 416, 232 A.2d 322; *Boschen* v. *Second National Bank,* 130 Conn. 501, 503, 35 A.2d 849; *Haverin* v. *Welch,* 129 Conn. 309, 315, 27 A.2d 791; 1 Locke & Kohn, Conn. Probate Practice § 186, pp. 381, 382. In an appeal from probate, the Superior Court retries the issues de novo, and the case is not presented on a transcript of the proceedings in the Probate Court.

The Superior Court did not commit error by excluding evidence of events and occurrences which happened prior to the last New York custody decree even though it was relied on by the Probate Court. In an appeal from probate, the Superior Court can consider only evidence which would have been competent, relevant and material at the hearing in the Probate Court. *Stevens' Appeal,* supra; *Vivian's Appeal,* 74 Conn. 257, 259, 50 A. 797. As we have stated previously, the Superior Court correctly applied New York law by excluding evidence which was immaterial to prove that there had been a material change in circumstances since the last New York custody decree. The exclusionary ruling which the defendant complained of did not deprive him of any right, conferred by Connecticut law, to present such evidence at the trial de novo in the Superior Court.

Because of the view we have taken in deciding this appeal, it is unnecessary to discuss the defendant's remaining claim of error.

There is no error.

In this opinion the other judges concurred.