ANONYMOUS *v.* SUPERINTENDENT OF HOSPITAL
(1977–3)*

SUPERIOR COURT

WRIGHT, J. This is an appeal from an order of the Probate Court committing the plaintiff to a state mental hospital. It involves the question of whether an appeal in a civil commitment case entitles the appellant to a trial de novo in the Superior Court.

The plaintiff refers to the prevailing rule that an appeal from the Probate Court is tried by the Superior Court sitting as a court of probate, and cites as authority *Prince* v. *Sheffield,* 158 Conn. 286, 298; *Miller* v. *Miller,* 158 Conn. 217, 224; 1 Locke & Kohn, Conn. Probate Practice § 213. The defendant, on the other hand, cites the following portion of § 17-178 of the General Statutes relating to the confinement of mentally ill persons: "The court shall cause a recording of the testimony of such hearing to be

---

* Thus entitled, in view of the subject matter of the case.

made, to be transcribed only in the event of an appeal from the decree rendered hereunder." The defendant argues with persuasive reasoning that as a consequence thereof an appeal from a civil commitment should be on the record.

An examination of the historical background of General Statutes § 17-202, which deals with appeals from orders of commitment, reveals that the provision in that statute to the effect that an appeal from a civil commitment hearing shall proceed "as in other cases" has remained unaltered since the 1949 Revision of the General Statutes. The standard and long-standing interpretation of that passage has been that an appeal taken in a civil commitment proceeding is treated in the same manner as any appeal from Probate Court. 2 Locke & Kohn, Conn. Probate Practice § 635.

Under Connecticut law, the Probate Court is an "inferior court." See *Case* v. *Bush,* 93 Conn. 550, 552; Wright & Fitzgerald, Connecticut Law of Torts (2d Ed.) § 157, p. 331. Probate Court procedure is usually informal, standard rules of evidence are not strictly observed, and many of the probate judges are laymen. A civil commitment involves a serious curtailment of an individual's personal liberty and, as such, requires adequate due process safeguards. *Melville* v. *Sabbatino,* 30 Conn. Sup. 320. See *In re Ballay,* 482 F.2d 648 (D.C. Cir.). Accordingly, the potential loss of liberty inherent in every civil commitment proceeding requires that the procedural safeguards provided by an appellate trial de novo be maintained. The Connecticut legislature, recognizing the necessity for such safeguards, has refrained from altering the provisions of § 17-202 so as to provide for an appeal on the record. Consequently, an appeal from a civil commitment proceeding continues to be tried de novo.

The parties have posed a second question, namely: If there is to be a trial de novo, upon whom will rest the burden of proof? As this opinion reaffirms the historical position that an appeal from a civil commitment in the Probate Court requires a trial de novo, it necessarily follows that the burden of proof must be allocated in the same way as in the first instance.

The plaintiff's motion for a trial de novo is hereby granted.