### In re MARIE G.

No. 87–441–Appeal.

Supreme Court of Rhode Island.

Dec. 16, 1988.

Sharon P. O'Keefe, Court Appointed Sp. Advocate Family Court, Thomas M. Bohan, Dept. of Children & Their Families, Providence, for plaintiff.

Francis Ralph Williams, Providence, Ernest G. Barone, North Providence, Catherine A. Gibran, Asst. Public Defender, for defendant.

OPINION

PER CURIAM.

This matter has been before the Supreme Court on the appeal of the parents from a decree of the Family Court terminating their parental rights to their minor child, Marie Dolores. By order dated June 30, 1988,[1] the court dismissed the appeal on the basis of our opinion issued the day before, in the case of *In re Rene B.*, 544 A.2d 137 (R.I. 1988). In that opinion we resolved the question of the admissibility of a parent's health-care, medical records in termination-of-parental-rights cases notwithstanding the new health-care-privilege statute G.L. 1956 (1985 Reenactment) § 9–17–24, as amended by P.L. 1986, ch. 341, § 1. It was our opinion that the "no privilege" language of G.L. 1956 (1988 Reenactment) § 15–7–7(5) prevails in termination-of-parental-rights litigation over the privilege afforded by § 9–17–24.

The remaining issues raised by the mother and father do not, in our opinion, require reversal.

In his bench decision the trial judge made reference to the mother's medical records from the Institute of Mental Health (IMH). Those records had not been introduced into evidence in this case. They had been full exhibits in a prior termination proceeding involving the mother and her three older children. Those prior admissions to IMH had been referred to in the mother's Butler Hospital records that were exhibits in this case. The judge's only reference to the IMH records was the observation that they affirmed the information in the Butler Hospital records. That was a fleeting reference to information that clearly was cumulative. It would not constitute reversible error.

Also, despite the parents' protestations to the contrary, the state made more than reasonable efforts to bring about reunification. The efforts of the department were repeatedly frustrated by the parents' failure to cooperate. There would appear to be absolutely no merit to the parents' allegation of an absence of a good-faith effort to achieve a reunification.

Finally, in regard to the father, we have the findings of the trial judge that he failed to attend meetings and to live up to visitation schedules and that at no time could he show that he was drug free. The trial judge apparently believed the mother's statements to a social worker that the father was a cocaine user and was her source for street drugs. The evidence established that he was a paranoid schizophrenic, residual type, and there was no indication he sought therapy to assist him in dealing with his mental illness.

The record in this case is replete with evidence that conditions existed that are unlikely to change and which made the

1. This particular case had been ordered on the regular calendar for full briefing and argument at a prebriefing conference. That was done because the question of the use of a parent's medical records in termination-of-parental-rights litigation was pending unresolved before this court on several cases awaiting argument and decision. The controversy over the use of such medical records having been resolved in *In re Rene B.*, 544 A.2d 137 (R.I. 1988), the court decided that the other pending cases involving the same issue should be terminated by orders where there were no other issues that would require a formal opinion.

likelihood of the child's reintegration into the home virtually impossible. The mother was shown by the evidence to be unfit to parent the child, a condition that has existed over an extended period. Her use of drugs and alcohol rendered her unwilling or unable to care for the child properly.

For these reasons and for the reasons given in our opinion in *In re Rene B.*, 544 A.2d 137 (R.I. 1988), concerning the use of the parents' health-care records in termination-of-parental-rights litigation, we conclude that the parents' appeal should be and is denied and dismissed, the decree appealed from should be and is affirmed, and the papers of the case are remanded to the Family Court.