ESTRELLA CAMPANELLA, Appellant, v JOSEPH CAMPANELLA, Defendant, and DIME SAVINGS BANK OF NEW YORK, F.S.B., Respondent.

Second Department, December 4, 1989

## APPEARANCES OF COUNSEL

*Robert S. Starr, P. C.,* for appellant.

*William A. Volckhausen (Dwayne Weissman* of counsel), for respondent.

## OPINION OF THE COURT

LAWRENCE, J.

The issues raised on this appeal concern the prerequisites which must be met in order to punish for civil contempt an entity which fails to obey a court order and thereby defeats, impairs, impedes or prejudices the rights of a party.

The facts relevant to the issues are as follows. In an action for a divorce, the plaintiff initiated a motion for temporary maintenance and counsel fees by an order to show cause. That order to show cause, which was granted by the Supreme Court, Kings County (Rigler, J.), on August 4, 1987, contained a temporary restraining order which provided, among other things, as follows:

"ORDERED that pending the hearing of this motion, The Dime Savings Bank, The Bowery Savings Bank and The Chase Manhattan Bank are hereby enjoined and restrained from permitting and/or allowing access to any safe deposit boxes or boxes in the name of the defendant JOSEPH CAMPANELLA individually or jointly with another, subject to the further Order of this Court; and it is further

"ORDERED that pending the hearing of this motion, the Dime Savings Bank, Bowery Savings Bank and Chase Manhattan Bank are hereby enjoined and restrained from permitting and/or allowing any withdrawals, by any person from the monies on deposit in said banks in the name of JOSEPH CAMPANELLA individually or jointly with another".

On August 19, 1987, the plaintiff's attorney personally served an uncertified copy of the order dated August 4, 1987, upon Alan S. Fischell, an assistant vice-president of the Dime Savings Bank of New York, F.S.B. (hereinafter the bank), at one of its offices in New York City. At that time, the plaintiff's attorney verbally communicated to the bank official the contents of the restraining order and asked Fischell to immediately restrain the defendant's bank accounts. As of that date, the defendant maintained 5 accounts with the bank: 3 regular savings accounts and 2 individual retirement accounts (hereinafter IRAs). The bank took no action following the service of

the order dated August 4, 1987. Consequently, the defendant was able to withdraw funds on August 21, 1987, and September 1, 1987, in the total sum of $8,822.25, which represented all the moneys in the three regular savings accounts.

In a subsequent order of the Supreme Court, Kings County (Rigler, J.), dated September 2, 1987, *inter alia,* the defendant was ordered to pay the plaintiff temporary maintenance in the sum of $200 per week, commencing August 4, 1987, and to pay counsel fees pendente lite in the sum of $2,000. The restraints on the defendant's assets and bank accounts were continued, subject to further order of the court. After service of a copy of the order dated September 2, 1987, and further communications from the plaintiff's counsel, the bank placed a restraint against the defendant's two IRAs, which then contained the total sum of $4,323.16.

It appears that the defendant failed to comply with the order dated September 2, 1987. Although an income execution had been served upon the defendant's employer, as of December 16, 1987, the defendant was in arrears in the sum of $3,080.36 with regard to the temporary maintenance payments and he still owed the sum of $2,000 for pendente lite counsel fees.

Consequently, the plaintiff made an application to hold the bank in contempt of court for failing to obey the order dated August 4, 1987.[1] The plaintiff specifically requested a money judgment for the funds the bank had permitted the defendant to withdraw in violation of the order or alternatively, that the bank be compelled to pay into court the above-mentioned sum together with the plaintiff's "costs, damages and attorney's fees", and the costs of the contempt application. An additional counsel fee of $1,500 was also requested.

In opposition to the contempt application, the bank urged, in pertinent part, that the plaintiff's requested relief should be denied because the copy of the order dated August 4, 1987, which was served upon the bank on August 19, 1987, was not

---

1. The plaintiff also applied to punish the defendant for contempt of court. The court held the defendant in contempt, directed him to pay a fine in the sum of $8,822.25, representing the sums he had improperly withdrawn from the bank, with interest from September 1, 1987, or in the alternative, upon a failure to pay, imposed a jail term of 20 days and directed the payment of $250 to the plaintiff's attorneys as their counsel fees. The record on appeal does not indicate whether the defendant has made the court-ordered payments.

certified, as required by CPLR 5104.[2] The bank did not deny that the order dated August 4, 1987, had been served upon it and that in violation thereof, it had permitted the defendant to withdraw funds from three of his bank accounts.

In its memorandum decision dated February 3, 1988, the Supreme Court, Kings County (Rigler, J.), acknowledged that the service of a certified copy of the order dated August 4, 1987, was not required to hold the bank in criminal contempt.[3] Nevertheless, the court adopted the bank's argument that the failure of the plaintiff to comply with CPLR 5104, requiring the service of a certified copy of the order dated August 4, 1987, precluded holding the bank in civil contempt and that branch of the plaintiff's application was denied. The plaintiff now appeals.[4]

In order to support a determination holding the bank in civil contempt, the plaintiff was not required to serve upon the bank a certified copy of the order dated August 4, 1987. The plaintiff's contempt application, as correctly noted by the Supreme Court, was commenced pursuant to Judiciary Law §§ 750 and 753, which pertain to the power of the courts to punish for criminal and civil contempt in general. Judiciary Law § 753 (A) (3), concerning civil contempt, provides, in relevant part, that:

"A. A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be

---

2. CPLR 5104 provides, in pertinent part, as follows: "Any interlocutory or final judgment or order * * * not enforceable under either article fifty-two or section 5102 may be enforced by serving a certified copy of the judgment or order upon the party or other person required thereby or by law to obey it and, if he refuses or wilfully neglects to obey it, by punishing him for a contempt of the court".

3. The court directed a hearing on the issue of whether the bank should be held in criminal contempt. After the hearing before Imperato, J.H.O., that branch of the plaintiff's motion which was to hold the bank in criminal contempt was denied. It appears from the decision and order that the bank did not willfully or intentionally disregard the court's temporary restraining order but evidenced a "reckless disregard of the court's order" by misfiling it, which resulted in the bank's employees permitting withdrawals from the defendant's bank accounts.

4. The original order dated March 7, 1988, entered upon the Supreme Court's decision did not contain a decretal paragraph denying that branch of the plaintiff's application which was to hold the bank in civil contempt. However, by order dated February 17, 1989, the order dated March 7, 1988, was resettled, nunc pro tunc, to add such a decretal paragraph.

defeated, impaired, impeded, or prejudiced, in any of the following cases * * *

"3. A * * * person * * * for any * * * disobedience to a lawful mandate of the court."

Concededly, CPLR 5104 "partially overlaps" with Judiciary Law § 753 (A) (3) (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5104.01, at 51-31, n 1). However, similar to Judiciary Law § 750, concerning criminal contempt, Judiciary Law § 753 does not require the service of the court's order, "as distinguished from the actual knowledge of its existence and contents, however acquired" *(People ex rel. Stearns v Marr,* 181 NY 463, 471; *see, Matter of McCormick v Axelrod,* 59 NY2d 574, 583, *decision amended on other grounds* 60 NY2d 652; *Shakun v Shakun,* 11 AD2d 724). "A fortiori, [a person] who [has] actual knowledge of the mandate of a court may be punished for contempt even though not personally served with a certified copy of the order allegedly disobeyed" *(People v Magee,* 102 Misc 2d 345, 348). In this case, the bank does not dispute that it had actual knowledge of the order dated August 4, 1987, which specifically restrained it from permitting withdrawals from the defendant's bank accounts.

We find no merit to the bank's further contention that it cannot be held in civil contempt because it did not refuse or wilfully neglect to obey the order dated August 4, 1987, as required by CPLR 5104. As noted, the bank's reliance upon CPLR 5104 is misplaced. In determining whether to grant an application to punish for civil contempt pursuant to Judiciary Law § 753, the court need not find willful or intentional conduct on the part of the contemnor. Nor is the court required to find that the contemnor benefited from his act of disobedience. " '[T]he mere act of disobedience, regardless of its motive, is sufficient to sustain a finding of civil contempt if such disobedience defeats, impairs, impedes or prejudices the rights of a party' " *(Gordon v Janover,* 121 AD2d 599, 600, quoting *Great Neck Pennysaver v Central Nassau Publs.,* 65 AD2d 616, 616-617; *see, Walter Doors v Greenberg,* 151 AD2d 550). In this case, it is undisputed that the bank's failure to restrain the defendant's funds in his bank accounts impaired and impeded the plaintiff's ability to obtain her court-ordered award of maintenance and counsel fees pendente lite.

Accordingly, the appeal from so much of the order dated March 7, 1988, as failed to rule upon that branch of the plaintiff's application which was to hold the Dime Savings

Bank of New York, F.S.B., in civil contempt is dismissed, as that appeal was superseded by the order dated February 17, 1989, made upon resettlement. The resettled order dated February 17, 1989, is reversed insofar as appealed from, with costs, that branch of the plaintiff's application which was to hold the Dime Savings Bank of New York, F.S.B., in civil contempt is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the issue of punishment and the entry of an appropriate judgment *(see,* Judiciary Law § 770).

MOLLEN, P. J., BROWN and SPATT, JJ., concur.

Ordered that the appeal from so much of the order dated March 7, 1988, as failed to rule upon that branch of the plaintiff's application which was to hold the Dime Savings Bank of New York, F.S.B., in civil contempt is dismissed, as that appeal was superseded by the order dated February 17, 1989, made upon resettlement; and it is further,

Ordered that the resettled order, dated February 17, 1989, is reversed insofar as appealed from, with costs, that branch of the plaintiff's application which was to hold Dime Savings Bank of New York, F.S.B., in civil contempt is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the issue of punishment and the entry of an appropriate judgment.