[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#107)
The plaintiff, Gwendolyn Bosco, filed a "Motion for Appeal from Probate" on November 26, 1997, seeking to appeal from an order and decree of the probate court regarding the distribution of real property to the defendant, Helen Arder. On November 26, 1997, the probate court, Palm, J., issued a "Decree Allowing Appeal From Probate."
On January 15, 1998, the plaintiff filed her "Reasons for Appeal," claiming aggrievement from the distribution of real property located at 33 Oslo Street, Mystic, CT. The "Reasons for Appeal" set forth the following facts. On July 29, 1976, the Superior Court at New London, Daly, J., rendered a judgment that decreed a dissolution of marriage in the matter of Helen Arder v.Milton Arder.[1] On October 21, 1996, the defendant, Helen Arder, "filed a doubtful and disputed claim against the Estate of Milton Arder for a conveyance of 33 Oslo Street, in Mystic, CT CT Page 13994 and $10,000 of life insurance proceeds." By decree dated October 31, 1997, "the Probate Court for the District of Groton allowed the doubtful and disputed claim of Helen Arder . . ."
The plaintiff attached the following documents to her "Reasons for Appeal": (1) a copy of the "Last Will and Testament of Milton Arder"; (2) a copy of the Judgment rendered by the Superior Court, Daly, J., on July 29, 1976; and (3) a copy of the Probate Court decree dated October 31, 1997.
On July 6, 1998, the defendant filed a motion for summary judgment moving on the ground that the action is res judicata and there are no genuine issues as to any material fact. On July 13, 1998, the plaintiff filed an objection to the defendant's motion for summary judgment.
"The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo . . . Thereafter, upon consideration of all evidence presented on the appeal which would have been admissible in the probate court, the superior court should exercise the same power of judgment which the probate court possessed and decide the appeal as an original proposition unfettered by, and ignoring, the result reached in the probate court . . ." (Citations omitted; internal quotation marks omitted.) Kerin v. Stangle, 209 Conn. 260, 264, 550 A.2d 1060
(1988). "An appeal to the Superior Court from a decision of the Probate Court presents for redetermination both the questions of law and the questions of fact which are embraced within the order or decree appealed from." Miller v. Miller, 158 Conn. 217, 224,258 A.2d 89 (1969).
"Practice Book § 384, [now Practice Book (1998 Rev.) § 17-49], provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
The defendant argues that the prior judgment of the Court, Daly, J., was fair and equitable, and constituted a final judgment.
In opposition, the plaintiff argues that she is not seeking CT Page 13995 to reopen the prior judgment. Rather, she maintains there are genuine issues of fact as to the interpretation of the judgment. The plaintiff contends that the disposition of property in the divorce decree was only intended to ensure that the defendant receive a $10,000 payment. The plaintiff further asserts the doctrine of frustration of purpose and the equitable principle of unjust enrichment as additional grounds upon which to deny the motion for summary judgment.
In their memoranda of law, both the plaintiff and defendant maintain that the dissolution decree incorporated a stipulated agreement entered into by Milton and Helen Arder. "A stipulated judgment is not a judicial determination of any litigated right . . . It may be defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction . . . [It is] the result of a contract and its embodiment in a form which places it and the matters covered by it beyond further controversy . . . The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement . . . It necessarily follows that if the judgment conforms to the stipulation it cannot be altered or set aside without the consent of all the parties, unless it is shown that the stipulation was obtained by fraud, accident or mistake . . ." (Citations omitted; internal quotation marks omitted.) Gillis v. Gillis,214 Conn. 336, 339, 572 A.2d 323 (1990). "When parties to a lawsuit voluntarily enter into a stipulated judgment, such judgment is as conclusive as if it had been rendered upon controverted facts . . . Accordingly, a stipulated judgment may operate as res judicata to the same extent as a judgment after a contested trial." (Citation omitted.) Connecticut Water Co. v. Beausoleil,204 Conn. 38, 49-50, 526 A.2d 1329 (1987).
"As a general rule, the court should construe [a] judgment as it would construe any document or written contract in evidence before it . . . Effect must be given to that which is clearly implied as well as to that which is expressed . . . As we recently have stated, [a]lthough ordinarily the question of contractual intent presents a question of fact for the ultimate fact finder; where the language is clear and unambiguous it becomes a question of law for the court . . ." (Citations omitted; internal quotation marks omitted.) Mazziotti v. AllstateInsurance Company, 240 Conn. 799, 806-07, 695 A.2d 1010 (1997). CT Page 13996 "Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms . . ." (Citation omitted; internal quotation marks omitted.) Pesino v. Atlantic Bank of New York, 244 Conn. 85, 92,709 A.2d 540 (1998).
In the present case, a judgment of dissolution of marriage was rendered in the matter of Helen Arder v. Milton Arder. The judgment was final and was intended to place the matters covered by it beyond further controversy. Further, the plaintiff's interpretation of the prior judgment — that the disposition of property was intended to secure a $10,000 payment — runs contrary to the general principles governing the construction of contracts.
The language of the agreement is unambiguous. The judgment of dissolution provides that "[Milton Arder] shall make appropriate testamentary disposition so that in the event [the property at 33 Oslo Street] is not sold during his lifetime, said property shall pass to [Helen Arder] on the death of [Milton Arder]." The judgment clearly provides for a testamentary disposition of property. The interpretation given by the plaintiff requires the court to rely on her subjective perception of the terms in the judgment rather than the definitive language of the judgment itself. There is no indication in the judgment of dissolution that the property was intended as collateral for a $10,000 payment or that the disposition of property was to be otherwise restricted. Rather, the express language of the judgment stated that Helen Arder was to be named the beneficiary of the property at issue.
The plaintiff further contends that the doctrine of frustration of purpose is an additional reason why the motion for summary judgment should be denied. The plaintiff points out that the subsequent increase in value of the real estate is a circumstance which arose after the date of the judgment and, therefore, the plaintiff's claim to the entire present market value of the property frustrates the intended purpose of the judgment
"The doctrine of frustration of purpose . . . excuses a CT Page 13997 promisor in certain situations where the objectives of the contract have been utterly defeated by circumstances arising after the formation of the agreement." Hess v. Dumouchel PaperCo., 154 Conn. 343, 350-51, 225 A.2d 797 (1966). "Under the doctrine of frustration of purpose, as under the impracticability doctrine, the event upon which the obligor relies to excuse his performance cannot be an event that the parties foresaw at the time of the contract." O'Hara v. State, 218 Conn. 628, 638,590 A.2d 948 (1991).
In the present case, it was foreseeable that the real estate would pass to the defendant, if at all, several years in the future. It was also foreseeable that during this time the real estate could increase in value. Thus, the plaintiff's full performance may not be excused based on the foreseeable occurrence of property appreciation.
Finally, the plaintiff relies on the equitable principle of unjust enrichment to oppose the motion for summary judgment. The plaintiff asserts that the defendant would be unjustly enriched by the disposition of property since the defendant did not contribute to the mortgage payments on the property.
"Unjust enrichment is a very broad and flexible equitable doctrine . . . which has as its basis that it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff . . . Its three basic requirements are (1) that the [defendant was] benefited, (2) that the [defendant] unjustly did not pay the [plaintiff] for the benefits, and (3) that the failure of payment was to the [plaintiff's] detriment . . ." (Citations omitted; internal quotation marks omitted.) Zanoni v. Hudon,48 Conn. App. 32, 39, 708 A.2d 222 (1998), cert. denied, 244 Conn. 928,711 A.2d 730 (1998). "[T]he determinations of whether a particular failure to pay was unjust and whether the defendant was benefited are essentially factual findings for the trial court that are subject only to a limited scope of review on appeal . . . This limited scope of review is consistent with the general proposition that equitable determinations that depend on the balancing of many factors are committed to the sound discretion of the trial court . . ." (Citations omitted; internal quotation marks omitted.) McNeil v. Riccio, 45 Conn. App. 466, 475,696 A.2d 1050 (1997)
In the present case, the judgment provided that the CT Page 13998 defendant, Helen Arder, was to quit claim her interest in the subject property to Milton Arder. Milton Arder acquired the exclusive use and enjoyment of the property under this arrangement. In exchange for receiving this benefit, Milton Arder assumed all liabilities and obligations in connection with said property. The Superior Court, upon entering judgment on the matter, determined that the arrangement was fair. See General Statutes § 46b-66.[2] Therefore, the defendant has not been unjustly enriched because under the judgment of dissolution she was under no obligation to make mortgage payments.
No genuine issue of fact exists and the defendant is entitled to judgment as a matter of law. Accordingly, the defendant's motion for summary judgment is granted.
Martin, J.