[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS
Katherine Amore (the decedent) died October 4, 1997, a domiciliary of the Town of Ridgefield. The Ridgefield Probate Court granted probate of her will on December 16, 1997. Carol Decker and Heidi Winslow were co-executrixes of the decedent's estate. By order dated November 5, 1998, the Probate Court approved a certain claim against the estate by Carol Decker and William Decker. On May 18, 1999, Carol and William Decker submitted to the executrix, Heidi Winslow, a revised claim against CT Page 14557 the estate in the amount of $112,860.82. On June 24, 1999, the Probate Court, Judge Joseph A. Egan, Jr., approved the revised claim.
The plaintiff, Albert Amore, is the son of the decedent and a beneficiary of one-third of the rest, residue and remainder of the estate. On July 21, 1999, the plaintiff filed a motion of appeal from probate. The motion disputed the June 24, 1999 order of the court allowing the revised claim. On July 28, 1999, the Probate Court issued a decree allowing the appeal and setting September 7, 1999 as the return date to the Superior Court for the appeal. The plaintiff did not return the appeal to the Superior Court six days before September 7, 1999. Thus, the appeal was dismissed on April 26, 2000 for failure to comply with General Statutes § 52-46a.[1]
The plaintiff filed a second complaint in Superior Court on June 5, 2000, pursuant to General Statutes § 52-592(a), the accidental failure of suit statute. The defendants' motion to dismiss of July 25, 2000 was denied on November 1, 2000. On November 3, 2000, the plaintiff filed reasons for the appeal.
On March 30, 2001, the defendants filed a motion for summary judgment. The plaintiff timely filed his memorandum in opposition to the motion for summary judgment on April 12, 2001.
 II DISCUSSION
"The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo. Thereafter, upon consideration of all evidence presented on the appeal which would have been admissible in the probate court, the superior court should exercise the same power of judgment which the probate court possessed and decide the appeal as an original proposition unfettered by, and ignoring, the result reached in the probate court." (Citations omitted; internal quotation marks omitted.) Kerin v. Stangle,209 Conn. 260, 264, 550 A.2d 1069 (1988). "An appeal to the Superior Court from a decision of the Probate Court presents for redetermination both the questions of law and the questions of fact which are embraced within the order or decree appealed from." Miller v. Miller, 158 Conn. 217,224, 258 A.2d 89, cert. denied, 396 U.S. 940, 90 S.Ct. 374,24 L.Ed.2d 241 (1969).
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, CT Page 14558538 A.2d 1031 (1988). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 351, 773 A.2d 906 (2001). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49.
In his reasons for appeal, the plaintiff stated that he was aggrieved by the Probate Court order because "[t]he Court ha[d] failed to take into account bank records and tax records which showed that the source of funds for Mrs. Amore's care were that of her own and not of her daughter and/or son-in-law." Moreover, the plaintiff stated that "[i]nsufficient and non-credible evidence was presented to the Court other than the uncorroborated representation of the co-executor as to the source of interest income identified as federal tax returns for Mrs. Amore."[2]
The grounds set forth in the defendants' motion for summary judgment are: (1) "[t]here is no genuine issue of material fact between the parties as to the Probate Court order dated June 24, 1999," and (2) that "[t]he plaintiffs stated Reason For Appeal does not present any genuine issue of material fact and does not contest the validity of [the Order], but rather seeks to elicit additional information from Defendants not considered material by the Probate Court."
As documentation in support of their motion, the defendants submitted bank records (1996-1997, Exhibit A) which reflect transfers from their personal account to another account set up for the care of the decedent. They submitted a money market account summary (1996-1997, Exhibit B), which shows periodic withdrawals from that account with deposits made into the decedent's account. They also submitted the decedent's income tax returns from 1996 (Exhibit D). Their motion provides that they withdrew "money from their personal funds and deposited same into a checking account in the name of Katherine Amore." However, they have not submitted any documentation which counters or explains the evidence the plaintiff refers to in his reasons for appeal, specifically, "bank records . . . which showed that the source of funds for Mrs. Amore's care were that of her own and not of her daughter and/or son-in-law."
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts. . . ." (Brackets in original.) Appleton v. Board of Education of Stonington, 254 Conn. 205, CT Page 14559 209, 757 A.2d 1059 (2000). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Miller v. United Technologies, 233 Conn. 732, 751-52,660 A.2d 810 (1995). On the basis of their evidence and affidavit, the defendants have not "[excluded] any real doubt" as to the source of funds used for the decedent's care. Id.
 III CONCLUSION
The defendants have not met their burden of demonstrating the absence of any genuine issue of material fact. Therefore, the defendants' motion for summary judgment is denied.
White, J.