MILDRED E. ANDERSON vs. RAYMOND T. ANDERSON.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued March 3d—decided April 7th, 1937.

*Frank B. Hungerford* and *Maurice Rosenberg,* for the appellant (defendant).

*Frank R. Odlum,* for the appellee (plaintiff).

BANKS, J.   Plaintiff and defendant were divorced by a decree granted to the plaintiff on the ground of desertion on November 28th, 1934.   They have one child, Robert Anderson, who is now seven years old. The divorce decree contained no order as to the custody of the child.   At the time of the separation of the parties seven years before the divorce the boy was taken by the plaintiff to the home of her parents in Bristol.   She later went to New York where she had employment, and shortly thereafter the defendant took the boy to the home of his parents in New Britain where he has remained since he was two years old except for three and a half months during his school vacation in 1936.   In October, 1935, plaintiff made an application for the custody of the child, and the court (*Ells, J.*) awarded the principal custody to the defendant.   The plaintiff made a second application in September, 1936, and the court (*John Rufus Booth, J.*) awarded the custody to the plaintiff subject to the right of the defendant to visit the child, and to have full custody during his summer school vacation.   From

this modification of the judgment the defendant appealed.

From the finding of the court, with such correction as the defendant is entitled to, the following facts appear: At the time of the order of the court in October, 1935, awarding the custody of the boy to the defendant, the plaintiff had no home of her own where she could care for him, but had arranged for his care with others in New York. In July, 1936, she married a second time, and her present husband is willing to co-operate with her in the support and care of the boy, and is in a position to give him opportunities of education and support greater than he now enjoys.

The boy's attendance at school in 1936 was far from perfect, and at the end of the school year his health was somewhat impaired and he was 14 per cent. under weight. He spent the summer vacation in 1936 with his mother in Great Neck, Long Island. She placed him under the care of a physician and had him hospitalized. When he was returned to his father's custody in September, he had gained seven and a half pounds in weight. His care and training has been largely entrusted to his paternal grandmother who has failed to exercise the discipline necessary to rear him properly with the result that he is resentful of discipline, critical of his elders and careless in his habits. He is above the average in intelligence, has a strong affection for his father and his paternal grandparents, who have provided him with a good comfortable home, and would definitely prefer to remain with them. The boy's habits need discipline and control which the mother has the character and ability to exercise. She is in a position to offer him constant companionship and the care and training which she will give him during childhood and adolescence will be more beneficial to him than that which has been given by his father

and his paternal grandmother. The court consequently reached the conclusion that the interests of the boy would be best served by awarding his principal custody to his mother.

Counsel agree that the paramount consideration in determining this question of custody is the welfare and happiness of the child. And that involves not only his happiness at the moment, but his chance of happiness in the future. The court must determine, as best it can, what disposition of the case will be most beneficial to the child in the years to come. Though the court has found that the boy has a strong affection for his father and his paternal grandparents, that he would definitely prefer to remain with them, and, by inference at least, that such course would best serve his present happiness, it has also found that the mother is better equipped to exercise the discipline and control which is needed for his guidance during the years of his childhood and adolescence, and that the care and training which she will furnish will be more beneficial to him than that given by his father and grandmother, and has reached the conclusion that, upon the whole, his interests will be best served by awarding the principal custody to the mother. It goes without saying that the trial court, having the opportunity to observe the parties and the child himself, was in a peculiarly favorable position to judge as to what was best for him. The petition was addressed to its discretion, and we cannot interfere with the exercise of that discretion unless it appears that it involved the violation of some legal principle or right or a clear abuse of discretion. *Morrill* v. *Morrill*, 83 Conn. 479, 489, 491, 77 Atl. 1; *Mullins* v. *Becker*, 113 Conn. 526, 528, 155 Atl. 705. Whatever the conclusion to which we might incline upon a reading of the printed record, it cannot be said that that of the trial court

could not be reached reasonably or that it transgressed the limits of its discretion. The defendant, naturally, prefers the reasoning of the judge who heard the first application of the plaintiff, and expressed doubt as to the success of her proposal to provide a home for the child on Long Island. That was prior to the plaintiff's second marriage, and it is apparent from the memorandum of decision of the trial court that it was influenced by the fact that since that marriage the plaintiff had become able to provide a home which would include her personal attention to the child at all times, which had not been the case at the time of the hearing upon the first application.

There is no error.

In this opinion the other judges concurred.