Clayton F. Ogles et al. *v.* Harold A. Warren et al.

Baldwin, C. J., King, Murphy, Mellitz and Shea, Js.

Argued January 3—decided April 11, 1961

*Irwin I. Krug,* with whom was *I. Mayo Cohen,* for the appellants (plaintiffs).

*H. David Leventhal,* for the appellees (defendants).

SHEA, J. This habeas corpus action was brought in August, 1959, to obtain the custody of a boy six years of age. The plaintiffs, residents of Florida, are the maternal grandparents and claim the right to the child's custody by virtue of an order of a Florida court. The defendants are the child's paternal grandparents. They live in Mansfield, Connecticut. The Superior Court awarded custody of the child to his father, David B. Warren, with a right of visitation by the child's mother at reasonable times and places. The plaintiffs have appealed.

In January, 1955, David B. Warren obtained a divorce from Clayton Joyce Ogles Warren, the child's mother, in the Circuit Court, Tenth Judicial Circuit, in Florida. The child, Roger Allen Warren, and his parents were then domiciled in Florida. In the divorce decree, custody of Roger was awarded to David, his father; his mother was granted reasonable rights of visitation. David was in the United States air force and was on leave from overseas duty when the court rendered the judgment. After the divorce, David arranged for the care of Roger by leaving him with his maternal grandparents, the plaintiffs, with whom Roger remained until August, 1957, when David was transferred by the air force to Portsmouth, New Hampshire, where he is still stationed. At that time, he

took the boy to live with the defendants, the boy's paternal grandparents, in Connecticut. David had established domicil in Connecticut.

In January, 1958, while the boy was living in Connecticut, his mother and the plaintiffs requested the Florida court to modify the original judgment by granting custody to the mother, or in the alternative, to the plaintiffs. This request for modification was denied on the ground that the boy then had his domicil in Connecticut. In April, 1958, in response to the plaintiffs' request, Roger's father took him to Florida for a visit with the plaintiffs. In May, 1958, while the boy was there, the plaintiffs and the mother of the boy again petitioned the Florida court to award the custody of Roger to his mother or to the plaintiffs. David was represented by counsel in those proceedings. In July, 1958, while the motion for modification was pending, Roger, by permission of the Florida court, returned to Connecticut on his father's promise that the boy would be returned to Florida on or before August 15, 1958. The boy was not returned to Florida. In January, 1959, the Florida court modified its original judgment by granting custody of the boy to the plaintiffs during school terms beginning in September, 1959. Custody during the summer recesses was granted to the defendants.

The plaintiffs point out that the decree of the Florida court rendered in January, 1959, is entitled to full faith and credit in Connecticut. The courts of this state are bound to give to the judgment of the Florida court the same force and effect as it is entitled to in that state. U.S. Const. art. IV § 1; *Freund* v. *Burns*, 131 Conn. 380, 383, 40 A.2d 754. The plaintiffs claim that there has been no change in circumstances since January, 1959, to justify

any modification of the Florida decree. If the Florida court could modify its decree on proof that the circumstances had materially changed since the decree was rendered, the courts of Connecticut can act on similar proof. *Morrill* v. *Morrill,* 83 Conn. 479, 492, 77 A. 1. Unless there has been such a material change of circumstances, the courts of Connecticut must give effect to the Florida decree as it now stands. *Freund* v. *Burns,* supra.

The power of the courts of Florida to modify an order in a divorce decree concerning the custody of the children of the parties is clearly established by the decisions of that state. *Frazier* v. *Frazier,* 109 Fla. 164, 168, 147 So. 464; *Belford* v. *Belford,* 159 Fla. 547, 551, 32 So. 2d 312. The decree of the court is based on the conditions then existing. It cannot be modified unless pertinent facts, of which the court had no knowledge when the decree was entered, are disclosed, or unless there is an altered condition arising after the decree. Even then, no change should be made in the decree except for the welfare of the child. *Sayward* v. *Sayward,* 43 So. 2d 865, 868 (Fla.).

Thus, the question whether there has been a material change of circumstances affecting the welfare of Roger since the modification of the Florida decree in January, 1959, was preliminary to consideration by the trial court of the question whether it should make an order as to his custody. *Freund* v. *Burns,* supra, 386. Roger has resided continuously with the defendants since he returned to Connecticut in July, 1958. His health has improved since January, 1959, and he has made excellent progress in making friends with other children. An impediment in his speech has disappeared. There is substantial improvement in his attendance record at

school, and he has become better adjusted to his social environment. His progress in school has been more rapid than normally would be expected. He has developed a close relationship with his father, whose interest has been a good influence in Roger's development. David, by reason of his present assignment to duty in New Hampshire, is able to visit his son more often than he could if the boy were living in Florida.

The domestic life of the plaintiffs has not been free from difficulty. They separated in January, 1957. A divorce ensued, but they subsequently remarried. The maternal grandfather works on steel construction. His wife has had problems with her health since January, 1959. She suffers from a developing thyroid deficiency and is suspected of being diabetic. She is hard of hearing, and this condition is getting progressively worse. She has been confined twice, in different hospitals, since January, 1959. Her ability to care for a boy of Roger's age has been impaired by her changed physical condition.

From this evidence, the trial court concluded that there had been since January, 1959, a material change of circumstances touching on the welfare of Roger, that the best interests and welfare of the boy lie in his present surroundings, and that his father is a proper person to have custody of him. Accordingly, the court rendered judgment awarding custody of Roger to his father, with a right of visitation by the boy's mother. The award of the custody of a minor child is a matter which rests within the sound discretion of the trial court. *Antedomenico* v. *Antedomenico,* 142 Conn. 558, 561, 115 A.2d 659; *Scott* v. *Furrow,* 141 Conn. 113, 120, 104 A.2d 224; *Morrill* v. *Morrill,* 83 Conn. 479, 489, 77

A. 1. We review the ruling of the trial court to determine whether that discretion has been abused and whether there has been a misapplication of some established principle of law pertinent to the case. *Anderson* v. *Anderson,* 122 Conn. 600, 603, 191 A. 534. Under all the circumstances, we cannot say that the court abused its discretion or violated any principle of law in rendering judgment as it did.

There is no error.

In this opinion the other judges concurred.