## JOHNNIE GARRETT'S APPEAL FROM PROBATE (15379)

Peters, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued April 25—officially released June 4, 1996

---

*Rebecca L. Johnson*, for the appellant (defendant Johnnie Garrett).

*Patricia C. Reath*, for the appellee (plaintiff Gloria Castillo).

PER CURIAM. The dispositive issue in these consolidated cases is whether the trial court properly concluded that a parent's record of intentional nonsupport of his family demonstrated, by clear and convincing evidence, a failure to meet parental responsibilities within the meaning of General Statutes § 45a-610[1] and warranted his removal as the guardian of his children.

[1] General Statutes § 45a-610 provides: "Removal of parent as guardian. If the court of probate finds that notice has been given or a waiver has been filed, as provided in section 45a-609, it may remove a parent as guardian, if the court finds by clear and convincing evidence one of the following: (1) The parent consents to his or her removal as guardian; or (2) the minor child has been abandoned by the parent in the sense that the parent has failed to maintain a reasonable degree of interest, concern or responsibility for the minor's welfare; or (3) the minor child has been denied the care, guidance or control necessary for his or her physical, educational, moral or emotional well-being, as a result of acts of parental commission or omission, whether the acts are the result of the physical or mental incapability of the parent or conditions attributable to parental habits, misconduct or neglect, and the parental acts or deficiencies support the conclusion that the parent cannot exercise, or should not in the best interests of the minor child be permitted to exercise, parental rights and duties at this time; or (4) the minor child has had physical injury or injuries inflicted upon him by a person responsible for such child's health, welfare or care, or by a person given access to such child by such responsible person, other than by accidental means, or has injuries which are at variance with the history given of them or is in a condition which is the result of maltreatment such as, but not limited to, malnutrition, sexual molestation, deprivation of necessities, emotional maltreatment or cruel punishment. If, after removal of a parent as guardian under this section, the child has no guardian of his person, such a guardian may be appointed under the provisions of section 45a-616."

After the death of the mother of two minor children, the plaintiff, Gloria Castillo, the children's maternal aunt, filed petitions in the Probate Court for the removal of the children's father, the defendant, Johnnie Garrett, as their guardian and for the appointment of herself as their guardian in his stead. The Probate Court granted the petitions and the defendant thereafter appealed to the trial court. After a trial de novo pursuant to General Statutes § 45a-186,[2] the trial court rendered a judgment granting the petitions for the defendant's removal as guardian of his children.[3] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The legislature has set the standard that governs a petition for the removal of a surviving parent as the guardian of his or her children. Section 45a-610 authorizes the removal of a parent as guardian only if, by clear and convincing evidence, the court finds the existence of one or more of four statutory grounds. See footnote 1. In these cases, each petition for removal alleged that "[t]he minor child has been abandoned by the parent . . . in the sense that the parent . . . has failed to maintain a reasonable degree of interest, concern or responsibility for the minor's welfare." See Gen-

[2] General Statutes § 45a-186 provides in relevant part: "Appeals from probate. Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held . . . . Appeals from any decision rendered in any case after a record is made under sections 51-72 and 51-73 shall be on the record and shall not be a trial de novo."

In this case, there was no record of the proceedings in the Probate Court.

[3] The trial court appointed the plaintiff as temporary guardian of the children pending the completion of further proceedings pursuant to General Statutes §§ 45a-610, 45a-616 and 45a-617. The court also ordered that the defendant be afforded reasonable visitation with his children. See General Statutes § 45a-612.

eral Statutes § 45a-610 (2). Each petition further alleged that "[t]he minor child has been denied the care, guidance or control necessary for physical, educational, moral or emotional well-being, as a result of acts of parental . . . omission, as defined by law," which law requires, in addition, a showing that "the parent cannot exercise, or should not in the best interests of the minor child be permitted to exercise, parental rights and duties at this time . . . ." General Statutes § 45a-610 (3).

With respect to each petition, the trial court determined that the alleged statutory grounds for removal had been proven by clear and convincing evidence. The trial court's central finding of fact was that the defendant "could have and should have supported his children . . . [but] clearly did not do so." Ruling on the allegation of abandonment pursuant to § 45a-610 (2), the trial court held that the defendant's sustained and intentional failure to support his children constituted a failure "to maintain a reasonable degree of . . . responsibility for [their] . . . welfare." (Internal quotation marks omitted.) Ruling on the allegation of denial of care pursuant to § 45a-610 (3), the trial court held that the defendant's sustained and intentional failure to support his children constituted an act of parental omission that resulted in the denial to the children of "the care necessary for their physical well-being" and demonstrated that the defendant "was not . . . of sufficient maturity and responsibility to assume the burdens and duties of a parent and guardian."

In his appeal to this court, the defendant challenges, for two reasons, the validity of his removal as guardian. First, the defendant argues that the trial court improperly failed to give sufficient weight to the principle of family integrity. That principle, which is reflected in our custody statute; General Statutes § 46b-56b;[4] presumes

---

[4] General Statutes § 46b-56b provides: "Presumption re best interest of child to be in custody of parent. In any dispute as to the custody of a minor

that it is in the best interests of children to remain with their biological parent rather than with another member of their family. The defendant acknowledges that the trial court explicitly referred to and considered this principle, but maintains that the court improperly subsumed it within its analysis of § 45a-610. Second, the defendant argues that the trial court improperly determined that the record before it had established, by clear and convincing evidence, that his removal as guardian was warranted on the ground of abandonment as that ground is defined in § 45a-610 (2).[5] Significantly, however, he does not challenge the trial court's alternate determination that his removal as guardian was warranted because the record also established, by clear and convincing evidence, that he had failed to provide the care necessary for the physical well-being of his children. See General Statutes § 45a-610 (3).

Our examination of the record on this appeal, and the briefs and the arguments of the parties, persuades us that the judgment of the trial court should be affirmed. In its thoughtful and comprehensive memorandum of decision, the trial court properly analyzed the applicable provisions of § 45a-610 and properly applied the facts of record in concluding that the requirements of the statute had been met and that the defendant should be removed as guardian of his children. *Garrett's Appeal From Probate*, 44 Conn. Sup. 169, 677 A.2d 1000 (1994). Because the trial court's

child involving a parent and a nonparent, there shall be a presumption that it is in the best interest of the child to be in the custody of the parent, which presumption may be rebutted by showing that it would be detrimental to the child to permit the parent to have custody."

[5] In conjunction with this claim, the defendant also contends that his removal as guardian was premature because a contemplated court-ordered family relations investigation was never completed. As the plaintiff points out, however, and the defendant does not deny, the trial court vacated its order for such an investigation because of the defendant's failure to cooperate with the designated investigator.

memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion therein contained. See *Val-Pak of Central Connecticut North, Inc.* v. *Commissioner of Revenue Services,* 235 Conn. 737, 740, 669 A.2d 1211 (1996); *Greater Bridgeport Transit District* v. *State Board of Labor Relations,* 232 Conn. 57, 64, 653 A.2d 151 (1995); *Van Dyck Printing Co.* v. *DiNicola,* 231 Conn. 272, 273–74, 648 A.2d 877 (1994).

The judgment is affirmed.