IN RE MICHAEL A.*
(AC 16531)

Landau, Spear and Hennessy, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Reporter of Judicial Decisions

Argued September 16—officially released November 11, 1997

*Elizabeth Gleason,* with whom was *Lucy W. Rankin,* for the appellant (respondent).

*Sue A. Cousineau,* for the appellee (petitioner).

*Jane E. Barry,* for the minor child.

*Opinion*

SPEAR, J. The respondent mother appeals from the judgment of the trial court that removed her as guardian of her minor child and granted the petitioner father sole guardianship and custody of the child pursuant to General Statutes § 45a-610.[1]

---

[1] General Statutes § 45a-610 provides: "Removal of parent as guardian. If the court of probate finds that notice has been given or a waiver has been filed, as provided in section 45a-609, it may remove a parent as guardian, if the court finds by clear and convincing evidence one of the following: (1) The parent consents to his or her removal as guardian; or (2) the minor child has been abandoned by the parent in the sense that the parent has failed to maintain a reasonable degree of interest, concern or responsibility for the minor's welfare; or (3) the minor child has been denied the care, guidance or control necessary for his or her physical, educational, moral or emotional well-being, as a result of acts of parental commission or omission, whether the acts are the result of the physical or mental incapability of the parent or conditions attributable to parental habits, misconduct or neglect, and the parental acts or deficiencies support the conclusion that the parent cannot exercise, or should not in the best interests of the minor child be permitted to exercise, parental rights and duties at this time; or (4) the minor child has had physical injury or injuries inflicted upon him by a person responsible for such child's health, welfare or care, or by a person given access to such child by such responsible person, other than by accidental

The respondent claims that the trial court (1) improperly failed to address the previous order of temporary custody in its ruling regarding guardianship and (2) incorrectly applied the best interests of the child standard of General Statutes § 45a-605[2] in reaching its decision. The respondent also claims for the first time on appeal that General Statutes §§ 45a-607 and 45a-610 are substantively and procedurally unconstitutional. We affirm the judgment of the trial court.

The trial court found that the petitioner and the respondent were the parents of a minor child born on March 25, 1992. On June 2, 1995, the father filed a petition in the Guilford Probate Court seeking the removal of the respondent as guardian of the child. On application of the father, the trial court granted temporary custody of the minor child to the child's paternal grandmother. On October 2, 1995, the respondent filed a motion to transfer the petition for removal of guardianship from the Probate Court to the Superior Court pursuant to General Statutes § 45a-623.[3] That motion was granted. Thereafter, the Superior Court granted the petition to remove the respondent as guardian. This appeal followed.

I

The respondent first claims that the trial court should have addressed the propriety of the order of temporary

means, or has injuries which are at variance with the history given of them or is in a condition which is the result of maltreatment such as, but not limited to, malnutrition, sexual molestation, deprivation of necessities, emotional maltreatment or cruel punishment. If, after removal of a parent as guardian under this section, the child has no guardian of his person, such a guardian may be appointed under the provisions of section 45a-616."

[2] See footnote 6.

[3] General Statutes § 45a-623 provides: "Transfer of contested proceeding to Superior Court. In any proceeding under sections 45a-603 to 45a-622, inclusive, that is contested, the Court of Probate shall, upon motion of any party other than a party who made application for the removal of a parent as a guardian, under rules adopted by the judges of the Supreme Court,

custody before considering the petition for removal of guardianship.[4] We conclude that any issues involving the order of temporary custody are now moot because that order was subsumed by the permanent order of June 28, 1995, granting sole custody and guardianship to the petitioner. See *Schult* v. *Schult*, 40 Conn. App. 675, 692, 672 A.2d 959 (1996), aff'd, 241 Conn. 767, 699 A.2d 134 (1997). "The order of temporary custody is therefore academic. Appellate courts will not consider academic questions, particularly where no appropriate relief may be afforded." *In re Carl O.*, 10 Conn. App. 428, 434, 523 A.2d 1339, cert. denied, 204 Conn. 802, 525 A.2d 964 (1987), citing *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union*, 177 Conn. 17, 19, 411 A.2d 1 (1979). We will not review the respondent's challenge to the temporary custody order of June 28, 1995, because that claim is moot.[5]

## II

The respondent's second claim is that the trial court improperly applied only the best interests of the child standard of General Statutes § 45a-605[6] instead of finding a statutory basis for removing the respondent as

transfer the case to the Superior Court. Upon transfer, the clerk of the Court of Probate shall transmit to the clerk of the Superior Court the original files and papers in the case."

[4] The respondent more specifically argues that the trial court did not comply with the statutory mandate of General Statutes § 45a-610 that the court find "by clear and convincing evidence [that] . . . (3) the minor child has been denied the care, guidance or control necessary for his or her physical, educational, moral or emotional well-being . . . ." She also claimed that the order of temporary custody, as a practical matter, shifted the burden of proof on the guardianship issue from the petitioner to her.

[5] Our review of the record reveals that the respondent mother took no action on this matter after filing a motion to vacate the order of temporary custody in March of 1996. The record does not reflect any ruling on the motion. Additionally, Practice Book § 4061 provides that "[i]t is the responsibility of the appellant to provide an adequate record for review . . . ." As there was no record of the Probate Court proceedings presented to this court, we could not review the claim even if it was not moot.

[6] General Statutes § 45a-605 (formerly § 45-42b) provides: "(a) The provisions of sections 45a-603 to 45a-622, inclusive, shall be liberally construed

guardian as required by General Statutes § 45a-610.[7] The respondent asserts that the evidence before the trial court did not satisfy the standard of proof required by § 45a-610 whereby the court "may remove a parent as guardian, *if the court finds by clear and convincing evidence* [that] . . . (3) the minor child has been denied the care, guidance or control necessary for his or her physical, educational, moral or emotional well-being . . . ." (Emphasis added.) We disagree.

Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *United Components, Inc.* v. *Wdowiak*, 239 Conn. 259, 263, 684 A.2d 693 (1996).

Our review of the record reveals that the trial court not only admitted nearly forty exhibits into evidence, but also heard testimony from several social workers, two clinical psychologists, the minor child's pediatrician, several medical experts, and a court-appointed psychologist, among "many other witnesses unfavorable to [the respondent]." The trial court found that "[t]he evidence put forth at trial demonstrates by clear and convincing evidence that the minor child Michael

in the best interests of any minor child affected by them, provided the requirements of such sections are otherwise satisfied.

"(b) All proceedings held under said sections shall, in the best interests of the minor child, be held without unreasonable delay."

[7] See footnote 1.

has been denied the care, guidance or control necessary for his physical and emotional well-being as required in General Statutes § 45a-610 (3). The evidence further supports the petitioner's claim that it is in the child's best interest to have the mother removed as guardian of the child at this time."

The record amply supports the trial court's conclusion that the evidence satisfied the clear and convincing standard of § 45a-610 as well as the best interests of the child standard of § 45a-605. We conclude that the trial court properly adhered to the statutory mandates of both §§ 45a-610 and 45a-605.

III

The respondent's final claim is that §§ 45a-607 and 45a-610 are both procedurally and substantively unconstitutional. The respondent, however, raises this issue for the first time on appeal. Practice Book § 4061 provides that "[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." This court follows the "[long-standing rule] that absent certain exceptional circumstances . . . claims not distinctly raised at trial will not be reviewed on appeal." *Biggs* v. *Warden*, 26 Conn. App. 52, 57, 597 A.2d 839, cert. denied, 221 Conn. 902, 600 A.2d 1029 (1991). This rule encompasses even constitutional issues. *State* v. *Kelly*, 23 Conn. App. 160, 167, 580 A.2d 520, cert. denied, 216 Conn. 831, 583 A.2d 130 (1990), cert. denied, 499 U.S. 981, 111 S. Ct. 1635, 113 L. Ed. 2d 731 (1991). Our Supreme Court has held that "[s]uch exceptional circumstances may occur where a new and unforeseen constitutional right has arisen between the time of trial and appeal or where the record supports a claim that a litigant has been deprived of a fundamental constitutional right and a fair trial. . . . An exception may also be made where consideration of the question is in the interest of public

welfare or of justice between the parties." (Internal quotation marks omitted.) *In re Romance M.*, 229 Conn. 345, 352–53, 641 A.2d 378 (1994).

While the *In re Romance M.* court did "recognize that a mother has a fundamental constitutional right to retain her relationship with her child"; id., 352; that court also concluded that the parent-child relationship, standing alone, did not constitute exceptional circumstances. The respondent mother here points only to the parent-child relationship and has demonstrated no exceptional circumstances that would allow this court to consider her claim.[8] We therefore decline to review the claims of unconstitutionality with respect to §§ 45a-607 and 45a-610.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] *In re Romance M.* is further distinguishable from the present case in that *In re Romance M.* concerned a more severe and permanent deprivation, the termination of parental rights, whereas the present case concerns a removal of guardianship. Such removal is not necessarily permanent. Section 45a-611 provides a mechanism for reinstatement of guardianship.