## IN RE HALEY B.*
### (AC 22274)

Dranginis, West and Hennessy, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued October 16, 2003—officially released January 13, 2004

*Peter T. Poulos*, with whom was *David E. Marmelstein*, for the appellant (intervening respondent).

*John E. Tucker*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

*Opinion*

HENNESSY, J. The intervening respondent, the maternal grandmother of Haley B.,[1] appeals from the judgment of the trial court denying her motion to transfer guardianship or custody of her minor granddaughter from the petitioner, the commissioner of children and families (commissioner), to her. On appeal, the respondent claims that (1) the decision was not based on facts or on a reasonable interpretation of the evidence, (2) the court failed to apply the appropriate legal standard to the facts of the case and (3) the court abused its discretion by improperly relying on hearsay statements. We affirm the judgment of the trial court.

The underlying facts that gave rise to this appeal are set forth in detail in *In re Haley B.*, 262 Conn. 406, 408–11, 815 A.2d 113 (2003). Additional facts relevant to the disposition of this appeal are as follows. In April, 2001, the court heard six days of testimony from the respondent, and seven other witnesses, and was presented with thirty exhibits. In its July, 2001 memorandum of decision, the court stated that "[the respondent] did not satisfy the court that her long pattern of substituting her own judgment against an expressed agreement will change. Because of this, the court finds that [the respondent] failed to meet her burden that

---

[1] The intervening respondent is the only respondent who is a party to this appeal. For convenience, we therefore refer to her as the respondent.

Haley's best interests require the physical return of the child." The court then denied the respondent's motion to transfer guardianship or custody. This appeal followed.

I

Generally, questions of custodial placement are resolved by a determination of "what is in the best interest of the child . . . as shown by a fair preponderance of the evidence." (Citations omitted.) *In re Shyina B.*, 58 Conn. App. 159, 163, 752 A.2d 1139 (2000). "The trial court is vested with broad discretion in determining what is in the child's best interests." (Internal quotation marks omitted.) *In re Joshua S.*, 260 Conn. 182, 209, 796 A.2d 1141 (2002). In this case, sufficient evidence exists to support the court's decision.

A

The respondent's first claim is that the court's decision was not based on facts or on a reasonable interpretation of the evidence. We disagree.

"Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *In re Michael A.*, 47 Conn. App. 105, 109, 703 A.2d 1146 (1997).

In this case, the court found that the respondent on several occasions had failed to comply with guidelines issued by the department of children and families

(department) limiting visitation between Haley and her parents. The court stated that "[the respondent] brought the baby to paternal grandmother's house for a Christmas visit, knowing [that the child's] mother would be there. She arranged to meet mother for lunch with the baby following supervised visits. She made arrangements for her daughter to attend a family wedding so she could spend time with Haley.[2] She then failed to disclose or misrepresented these facts to [the department]. She also failed to seek prior approval for any of these acts and, in some cases, took them despite [the department's] direct prohibition. [The respondent] even acknowledged lying to her husband about some of these visits . . . ." In addition, the court found that the respondent's testimony regarding Haley's alleged exposure to a convicted sex offender "[was] not consistent or fully credible. This is a further example of [the respondent's] lack of credibility and misrepresentations when it comes to Haley and Haley's parents." "It is well established that the trial court is in the best position to determine the credibility of witnesses and the weight to be accorded their testimony." (Internal quotation marks omitted.) *In re Cynthia A.*, 8 Conn. App. 656, 660, 514 A.2d 360 (1986). Our review of the record reveals that the factual findings made by the court were supported by the record and, therefore, were not clearly erroneous.

B

The respondent next claims that the court failed to apply the appropriate legal standard to the facts of the case. The argument put forth in support of her claim is that the court's decision, that guardianship of the child remain with the commissioner, is against the best interest of Haley B. Consequently, the argument does not correspond with the claim as phrased. We will there-

---

[2] See part II.

fore analyze the claim as whether the court acted in the best interest of Haley B. On the basis of our review of the record, we disagree with the respondent.

To determine whether a custodial placement is in the best interest of the child, the court uses its broad discretion to choose a place that will foster "the child's interest in sustained growth, development, well-being, and in the continuity and stability of its environment." (Internal quotation marks omitted.) *In re Alexander C.*, 60 Conn. App. 555, 559, 760 A.2d 532 (2000). We have stated that when making the determination of what is in the best interest of the child, "[t]he authority to exercise the judicial discretion under the circumstances revealed by the finding is not conferred upon this court, but upon the trial court, and . . . we are not privileged to usurp that authority or to substitute ourselves for the trial court. . . . A mere difference of opinion or judgment cannot justify our intervention. Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) Id.

We conclude, on the basis of the evidence presented to the court, that the court reasonably concluded that it was in the best interest of Haley B. that guardianship remain with the commissioner. Accordingly, the court did not abuse its discretion in denying the respondent's motion for transfer of guardianship or custody.

## II

The respondent's final claim is that the court improperly relied on hearsay to reach its decision. We find that the respondent has abandoned that issue because she has failed to offer any analysis or authority to support her claim. "We are not required to review issues

that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citation omitted; internal quotation marks omitted.) *In re Hector L.*, 53 Conn. App. 359, 365 n.5, 730 A.2d 106 (1999). We therefore decline to review the claim because it is briefed inadequately.

The judgment is affirmed.

In this opinion the other judges concurred.