******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HAYDUSKY'S APPEAL FROM PROBATE*
(AC 41905)

Bright, C. J., and Alvord and Cradle, Js.

*Syllabus*

The plaintiff appealed to the trial court from the Probate Court's denial of
her claims for distribution of assets from the decedent's estate. The
trial court denied the plaintiff's appeal and rendered judgment for the
defendants, from which the plaintiff appealed to this court. *Held* that
this court having concluded that the trial court's findings were not
clearly erroneous, the court did not abuse its discretion, and the court's
decision was legally correct, the court's judgment was affirmed.

Argued September 15—officially released December 15, 2020

*Procedural History*

Appeal from the decision of the Probate Court for
the district of Milford-Orange denying the plaintiff's
claims against the estate of her mother, brought to the
Superior Court in the judicial district of Ansonia-Milford
and tried to the court, *Hon. Arthur A. Hiller*, judge trial
referee; judgment for the defendants, from which the
plaintiff appealed to this court. *Affirmed*.

*Marianne Haydusky*, self-represented, the appel-
lant (plaintiff).

*John-Henry M. Steele*, for the appellee (named
defendant).

*Susan King Shaw*, for the appellees (defendant
Karen Primavera et al.).

PER CURIAM. The plaintiff, Marianne Haydusky,
appeals from the judgment of the trial court denying
her claims on appeal from the decision of the Probate
Court, which rejected her claims for distribution of
assets from her mother's estate.[1] On appeal, the plaintiff
claims that the court made clearly erroneous findings
of fact, made erroneous evidentiary rulings, abused its
discretion in a number of ways, including denying her
request for a continuance of the trial, and misapplied the
law. After carefully reviewing the briefs of the parties,
in conjunction with their oral arguments and the record
from the trial court, we conclude that the findings of
the court are not clearly erroneous, that the court did
not abuse its discretion as claimed by the plaintiff, and
that the court's decision is correct in law.

The judgment is affirmed.

* In the Superior Court, the case was captioned *Marianne Haydusky* v.
*Estate of Audrey L. Hayducky*. The judgment file, appeal form, and briefs
bear the caption *Marianne Haydusky* v. *Estate of Audrey L. Hayducky*.
The caption of the case that appears here conforms to the convention our
appellate courts use for appeals from probate. See, e.g., *Garrett's Appeal
from Probate*, 237 Conn. 233, 676 A.2d 394 (1996).

[1] The following individuals were served with the appeal: Betsy Davis,
chief clerk of the Probate Court of the district of Milford-Orange; Joanne
Hayducky, Karen Primavera, and Audrey M. Stella, daughters of the dece-

dent; and Kevin M. Casini, administrator.

———————————————